The question presented by the Bureau of Inspection and Supervision of Public Offices is: May a city incorporate the provisions of 12607-1 GC. into an ordinance as has been done with the Crabbe Act? The attorney general said:

Sec. 12607-1 GC. provides that a person convicted of violating the state speed laws, etc., may be prohibited from operating a motor vehicle and also may have his certificate of registration suspended. Heppel v. Columbus (City) 106 OS. 107 held that "municipalities may enact and enforce ordinances, the provisions of which are not inconsistent with the general laws of the state, prohibiting the manufacture or sale of intoxicating liquor for beverage purposes, etc."

On page 110 of this opinion it was said by the court that "Broad and comprehensive power has been delegated to municipalities by provisions of section 3, Article 18 of the state Constitution; to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws, and a statute which would deny or abridge that right so conferred by the constitution of the state, would be invalid."

The certificate of registration referred to in 12607-1 GC. is the certificate issued by the state by virtue of 6298 GC. An ordinance of a city only has effect within the municipality while the certificate granted by the state is effective throughout the whole state.

The right to issue such license is vested in the state and for a municipality to take away such license, in the absence of a statutory right to do so, would be to permit a municipality to usurp the power granted the state by legislature and would conflict with the states rights.

Therefore a city cannot incorporate into an ordinance a provision taking away the certificate to operate a motor vehicle granted by the state, though a provision prohibiting the owner of such certificate from operating a motor vehicle within the city limits would be valid.

# COMMON PLEAS COURT

No. 886

ROSE BROS. v. STAR EMPLOY. BUREAU

Hamilton Common Pleas

No. 184601

941. PRACTICE & PROCEDURE — 1. Right of unsuccessful party to request conclusions of law and fact, exists in municipal as well as Common Pleas Court.

2. Request for, does not come too late if requested immediately after announcement of finding by court.

DIXON, J.

This action was brought in the Cincinnati Municipal Court by the Star Employment Bureau Co. to recover from Rose Bros. $112 which was claimed by the company as due it for services in obtaining laborers.

The case was submitted without a jury and the court found in favor of the company for the full amount sued for. Counsel for Rose Bros. requested that a separate finding of facts and conclusions of law, which request was refused because the court held it came too late. The case was taken to the Hamilton Common Pleas on error and the court held:

1. Section 11470 GC. requires the trial court, when questions of fact are tried by the court, to state in writing its conclusions of fact separately from the conclusions of law upon request of either party.

2. It was the duty of the trial judge of the Municipal Court to make a separate finding of facts and conclusions of law in conforming with 11470 GC; and the refusal to do so was error. Cleveland Produce Co. v. Bennert, 104 OS. 149.

3. The trial court in this case was not relieved from complying with the request of Rose Brothers on the ground that it came too late. The record shows that the request was made immediately after the court's finding in favor of the company for the full amount of its claim.

4. Rose Bros. were prejudiced by the refusal of the lower court to grant the request. Judgment reversed and cause remanded.

Attorneys—Moses Ruskin for Rose Bros. John C. McCarthy for company; both of Cincinnati.